IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, et al., <br>   Plaintiffs, <br> v. <br> WOCKHARDT USA LLC and WOCKHARDT LIMITED, <br>   Defendants. | C.A. No. 2 :12-cv-03967-SDW-MCA |
| NOVARTIS PHARMACEUTICALS CORPORATION, et al., <br>   Plaintiffs <br> v. <br> SUN PHARMA GLOBAL FZE and SUN PHARMACEUTICAL INDUSTRIES LIMITED, <br>   Defendants. | C.A. No. 2:12-cv-04394-SDW-MCA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br>   Plaintiff, <br> v. <br> ACTAVIS LLC, et al. <br>   Defendants. | C.A. No. 2:13-cv-1028-SDW-MCA |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br>   Plaintiff, <br> v. <br> ACCORD HEALTHERCARE INC.; et al., <br>   Defendants. | C.A. No. 2:13-cv-2379-SDW-MCA |

**DEFENDANTS WOCKHARDT USA, LLC AND WOCKHARDT LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

            **FOX ROTHSCHILD LLP**
            Karen A. Confoy
            Thomas A. Cunniff
            Christopher R. Kinkade
            997 Lenox Drive, Bldg. 3
            Lawrenceville, NJ 08648
            (609) 844-3033(Phone)/(609) 896-1469 (Fax)

**KNOBBE, MARTENS, OLSON & BEAR, LLP**
Jay R. Deshmukh
William R. Zimmerman
Andrea L. Cheek
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
(202) 640-6400 (Phone)/(202) 640-6401 (Fax)
jay.deshmukh@knobbe.com
bill.zimmerman@knobbe.com
andrea.cheek@knobbe.com

**KNOBBE, MARTENS, OLSON & BEAR, LLP**
Thomas P. Krzeminski
William O. Adams
Karen M. Cassidy
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 (Phone)/(949) 760-9502 (Fax)
thomas.krzeminski @knobbe.com
william.adams@knobbe.com
karen.cassidy@knobbe.com

*Attorneys for Defendants Wockhardt USA LLC and Wockhardt Ltd.*

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. The 2012 Case...............................................................................................................2

    B. The 2013 Cases ............................................................................................................4

III. ARGUMENT ..........................................................................................................................4

    A. Legal Standard ..............................................................................................................4

    B. Granting Plaintiffs' Request Will Prejudice Defendants ..........................................5

        1. Consolidation Should be Denied Because it will Improperly Insert the '987 Patent into the 2012 Case, Prejudicing Wockhardt ...........................................................................................................5

        2. Consolidation is Improper Because it will Prejudice Wockhardt with Regards to Claim Construction ................................................7

        3. Consolidation with the 2013 Cases is Improper Because it Will Prejudice Wockhardt During Trial ..................................................9

    C. Consolidation with the 2013 Cases is Improper Because it Will Delay the 2012 Case ..................................................................................................9

    D. The Alleged Conservation of Judicial Resources is Minimal and Outweighed by the Risk of Prejudice and Delay ....................................................11

IV. CONCLUSION .....................................................................................................................13

-ii-

## TABLE OF AUTHORITIES

**Page No(s).**

*Astrazeneca AB v. Dr. Reddy's Labs Inc.*,
  C.A. No. 11-2317-JAP-DEA (D.N.J. Mar. 18, 2013) ................................................................ 7

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  1998 WL 775115 (N.D. Cal. Nov. 5, 1998) ............................................................................. 7

*Back v. Carter*,
  933 F. Supp. 738 (N.D. Ind. 1996) .......................................................................................... 5

*Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*,
  No. 06-1967, 2006 WL 3304218 (N.D. Ohio Nov. 13, 2006) .............................................. 12

*Borough of Olyphant v. PPL Corp.*,
  153 Fed. Appx. 80 (3d Cir. 2005) ......................................................................................... 10

*Habitat Educ. Ctr., Inc. v. Kimbell*,
  250 F.R.D. 390 (E.D. Wis. 2008) ........................................................................................... 9

*In re Consol. Parlodel Litig.*,
  182 F.R.D. 441 (D.N.J. 1998) ............................................................................................ 4, 5

*Leviton Mfg. Co. v. Nicor*,
  No. 04-0424-JB-LFG, No. 04-1295-JB-ACT, 2007 WL 505784
  (D.N.M. Jan. 8, 2007) ........................................................................................................... 10

*LSP Techs., Inc. v. Metal Improvement Co., LLC*,
  No. 10-526, 2010 WL 3447834 (S.D. Ohio Aug. 30, 2010) ............................................. 9, 12

*Malcolm v. National Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) ................................................................................................... 5

*Schacht v. Javits*,
  53 F.R.D. 321 (S.D.N.Y 1971) .............................................................................................. 5

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
  712 F.2d 978 (5th Cir. 1983) .................................................................................................. 5

*Van Patten v. Wright*,
  Nos. 07-0788, 07-0026, 2009 WL 1886010 (E.D. Wis. June 30, 2009) ................................ 5

## TABLE OF AUTHORITIES
(*cont'd*)

**Page No(s).**

### OTHER AUTHORITIES

Fed. R. Civ. P. 42(a) ................................................................................................................4

N.J. L. Pat. R. 3 .............................................................................................................2, 6, 10

Defendants Wockhardt USA LLC and Wockhardt Ltd. (collectively, "Wockhardt") respectfully submit this brief in opposition to Plaintiffs Novartis Pharmaceuticals Corp., Novartis Corp, and Novartis AG (collectively, "Novartis") request for consolidation.

## I. INTRODUCTION

Novartis seeks to consolidate Civil Action Nos. 13-1028 ("the February 2013 Case") and 13-2379 ("the April 2013 Case") (collectively, "the 2013 Cases") with Civil Action No. 12-3967 ("the 2012 Case"), however because the 2012 Case and the 2013 Cases are not appropriate for consolidation, Novartis's request should be denied.

Novartis desires to consolidate three cases, each in varying stages of litigation because of an alleged overlap of issues. However in requesting consolidation, Novartis fails to address the prejudice to defendants caused by such consolidation, ignores the fact that such a consolidation improperly skirts this Court's Local Patent Rules, understates the delay consolidation would cause to the 2012 case, and overstates the alleged benefits associated with such a consolidation.

The overlap of facts and issues between the 2012 Case and the 2013 Cases are minimal, and hinge primarily on the assertion of U.S. Patent No. 7,932,241 ("the '241 patent") in both the 2012 Case and the February 2013 Case. The '241 patent is the only patent from which Novartis asserted claims in the 2012 Case. However, unlike U.S. Patent No. 8,052,987 ("the '987 patent") and U.S. Patent No. 8,324,189 ("the '189 patent"), which are method of use patents asserted in the 2013 Cases, the '241 patent is directed to the packaging of pharmaceutical products and can easily be evaluated independently of the '189 and '987 patents. Nonetheless, in Novartis's eyes this overlap is sufficient to consolidate three cases relating to three different products, three different patents, fourteen different defendants, and at least twenty-three different ANDAs. A minimal overlap of facts and issues does not warrant the creation of such a behemoth case.

Even if some issues and facts between the 2012 Case and the 2013 Cases overlap, the significant differences between the cases warrant denial of the motion to consolidate. Unlike the 2013 Cases, the 2012 Case does not include asserted claims from the '987 patent, has completed claim construction and does not include a jury demand. Consolidation would prejudice Wockhardt by allowing Novartis to improperly skirt the Local Patent Rules and revive the '987 patent in the 2012 Case. Wockhardt is further prejudiced by consolidation with a case that has not even begun claim construction because such consolidation would give Novartis a second bite at the apple and would eviscerate the current claim construction. The 2012 Case is a bench trial and Wockhardt would be prejudiced by consolidation with the 2013 Cases, in which jury demands have been made.

In addition to prejudicing Wockhardt, consolidation will delay the 2012 Case. The 2013 Cases are in their infancy, while the 2012 Case has completed claim construction and fact discovery ends in less than six months. The minimal benefits that Novartis cites in support of consolidation are significantly outweighed by the prejudice and delay associated with consolidation. Wockhardt therefore requests that the Court deny Novartis's Motion to Consolidate.

## II. BACKGROUND

### A. The 2012 Case

The 2012 Case began on June 27, 2012, when Novartis first filed suit alleging that Wockhardt's proposed generic versions of Reclast and Zometa would infringe the '241 and '987 patents. On October 12, 2012, Novartis was required to disclose the claims that it was pursuing in the 2012 Case, pursuant to New Jersey Local Patent Rule 3.6(b). In its Disclosure of Asserted Claims, Novartis elected to pursue only claims from the '241 patent. (*See* Confoy Decl. at Ex. 1,

Disclosure of Asserted Claims.)  Thus, the only patent asserted in the 2012 Case is the '241 patent, which is directed to the packaging of a pharmaceutical product.  On January 3, 2013, the Novartis case against the Sun Defendants, again asserting only the '241 patent, was consolidated with the case against Wockhardt.  (*See* 2012 Case, D.I. 45, Order of Consolidation.)

The Court has issued a scheduling order in the 2012 Case.  Among other deadlines, the Court has set the following dates:

- The parties shall complete fact discovery (including depositions) on October 2, 2013.

- The parties shall exchange opening expert reports on November 11, 2013.

- The parties shall exchange rebuttal expert reports on December 23, 2013.

- The parties shall complete expert discovery on February 27, 2014.

- Dispositive motions shall be filed 30 days after the completion of expert discovery.

(2012 Case, D.I. 43.)

The parties in the 2012 Case have already exchanged and responded to interrogatories and requests for production, and depositions have been noticed.  On April 8, 2013, the parties reached agreements on the construction of the final disputed claim term in the '241 patent.  (*See* Confoy Decl. at Ex. 2, Emails between Sun, Wockhardt and Novartis regarding Claim Construction.)  On April 15, 2013, the parties in the 2012 Case filed their Joint Claim Construction Statement, memorializing the agreement to constructions for all claim terms at issue in the '241 patent.  (*See* 2012 Case, D.I. 66, Joint Claim Construction Statement.)  Accordingly, claim construction in the 2012 Case is complete.

B. **The 2013 Cases**

The 2013 Cases are both in the earliest stages of litigation. The April 2013 Case was just filed on April 12, 2013 and asserts only the '189 patent against three defendants. (*See* April 2013 Case, D.I. 1, Complaint.) Although filed earlier, the February 2013 Case has yet to progress beyond the pleadings stage of litigation. In fact, at least one defendant in the February 2013 Case is not even required to answer, move or otherwise respond to Novartis's Corrected Amended Complaint until May 14, 2013. (*See* February 2013 Case, D.I. 158.) In addition to attempting to re-assert the '987 patent against Wockhardt, the February 2013 Case also asserts the '189 patent, the '987 patent and the '241 patent in various combinations against eleven defendants.[1]

### III. ARGUMENT

A. **Legal Standard**

Pursuant to Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Although a common question or law or fact is a prerequisite for consolidation, it does not mandate consolidation. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). Even if the moving party establishes a common question of law or fact, the decision to consolidate is still within the discretion of the judge. *Id*. In exercising discretion, the court

---

[1] Novartis incorrectly claims that "the '241 patent is being asserted against Wockhardt in both the *Sun/Wockhardt* and *Actavis et al.* cases." (2012 Case, D.I. 62 at 11-12, Br. in Support of Mot. for Consolidation.) However, the '241 patent has only been asserted against Wockhardt in the 2012 Case and accordingly does not provide any justification for consolidation.

should weigh the interests of judicial economy against the potential for delay, expense, confusion or prejudice. *Id*. The moving party bears the burden of convincing the court that consolidation is proper. *Id*.

B. **Granting Plaintiffs' Request Will Prejudice Defendants**

Consolidation is not proper if it prejudices a party. *See St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidation is improper if it would prejudice the rights of the parties,"); *Van Patten v. Wright*, Nos. 07-0788, 07-0026, 2009 WL 1886010, at *2 (E.D. Wis. June 30, 2009) (denying consolidation where it would cause the parties prejudice); *Back v. Carter*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) ("Courts can order the consolidation of cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party."); *Schacht v. Javits*, 53 F.R.D. 321, 324 (S.D.N.Y 1971) ("While there may be questions of law common to both actions, this does not justify consolidation, particularly where, as here, parties would be prejudiced."). "[T]he benefits of efficiency can never be purchased at the cost of fairness." *In re Consol. Parlodel Litig.*, 182 F.R.D. at 447 (*quoting Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (internal quotation marks removed).

1. **Consolidation Should be Denied Because it will Improperly Insert the '987 Patent into the 2012 Case, Prejudicing Wockhardt**

The February 2013 Case, which Novartis seeks to consolidate with the 2012 Case, is in part, duplicative of the 2012 Case. Novartis's re-assertion of the '987 patent against Wockhardt in the February 2013 Case and the subsequent request for consolidation is nothing more than an improper attempt to use the second litigation and consolidation as vehicles to undo and revisit Novartis's earlier, binding decisions in the 2012 Case—specifically, its decisions to bring suit

against Wockhardt with respect to the '987 patent, and then not to assert any claims of the '987 patent in the disclosure required by the Local Patent Rules of this Court.

On October 12, 2012, pursuant to Local Patent Rule 3.6(b), Novartis was required to identify the specific patent claims it was asserting against Wockhardt in the 2012 Case. Novartis chose only to assert claims from the '241 patent. (*See* Confoy Decl. Ex. 1, Disclosure of Asserted Claims.) Thus, Novartis dropped its claims with respect to the '987 patent. In reliance on Novartis's identification of Asserted Claims, which did not include the '987 patent, the parties in the 2012 Case subsequently exchanged invalidity contentions, infringement contentions, discovery requests and responses, deposition notices, claim terms to be construed for the '241 patent, and completed claim construction for the '241 patent. Because Novartis chose not to assert any claims from the '987 patent, it is now precluded from raising any infringement arguments in the 2012 Case relating to the '987 patent without first showing good cause and obtaining an order of the Court permitting Novartis to amend its Asserted Claims. *See* N.J. L. Pat. R. 3.6(g) and 3.7. Wockhardt, however, has shown that Novartis does not have good cause for such amendment. (*See* 2012 Case, D.I. 53.) Moreover, this Court has already recognized that the alleged change in business strategy, Novartis's sole assertion of good cause, is unbelievable. In the March 1, 2013 Temporary Restraining Order ("TRO") hearing in the February 2013 Case, this Court rejected Novartis's story of "good cause" explaining that:

> **[I]t strains credibility, in my opinion**, quite frankly, to say that it that it was only at the time that this '189 patent came around that we realized we can do anything [on the '987 patent]. **That just doesn't make sense to me.** And I don't think it's supported by the record. I don't think the dates support that. I think that's very clear.

(February 2013 Case, D.I. 131, Mar. 1, 2013 TRO Hearing Tr. 76:23-77:3 (emphasis added).) Accordingly, Novartis will remain unable to assert the claims of the '987 patent against Wockhardt in the 2012 Litigation.

Consolidation of the 2013 Cases, which again allege infringement of the '987 patent by Wockhardt, with the 2012 Case prejudices Wockhardt by allowing Novartis to circumvent this Court's Local Patent Rules and re-assert the '987 patent in the 2012 Case. Allowing Novartis to consolidate and re-assert the '987 patent in the 2013 Case, after affirmatively choosing not to pursue any claims from the '987 patent in the 2012 Case, completely undermines the purpose of the Local Patent Rules, which require "parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *See Astrazeneca AB v. Dr. Reddy's Labs Inc.*, C.A. No. 11-2317-JAP-DEA, at 4 (D.N.J. Mar. 18, 2013) (*citing Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

Wockhardt is highly prejudiced by any consolidation that allows Novartis to re-assert the '987 patent in the 2012 Case without satisfying the good cause requirements of this Court's Local Patent Rules. Accordingly, the motion to consolidate should be denied.

### 2. Consolidation is Improper Because it will Prejudice Wockhardt with Regards to Claim Construction

Novartis seeks to consolidate the 2013 Cases with the significantly more advanced 2012 Case, however such a consolidation will prejudice Wockhardt with respect to the aspects of the 2012 Case that have already been completed. On April 15, 2013, the parties in the 2012 Case filed their Joint Claim Construction Statement, ending the claim construction phase of the litigation. (*See* 2012 Case, D.I. 66.) Consolidating the 2013 Cases, which are in the earliest stages of litigation, with the 2012 Case will prejudice Wockhardt.

-7-

The parties in the 2012 Case originally disputed the constructions of ten claim terms from the '241 patent. Following multiple meet and confers, the parties reached agreements on constructions for all ten claim terms. Accordingly, claim construction in the 2012 Case is complete, and no *Markman* hearing will be held. (*See* 2012 Case, D.I. 66.) However, because the 2013 Cases have just begun, the '241 patent defendants in the 2013 Cases have not yet had the opportunity to construe the claims of the patent. In order to consolidate with the 2012 Case, few options remain to address this claim construction issue. First, the '241 patent dispute can proceed using the claim constructions agreed to by the 2012 Case parties. However, this would prejudice the '241 patent defendants from the 2013 Cases by denying them the opportunity to construe the claims of the '241 patent. Second, the Court could reopen claim construction in the 2012 Case. But, reopening claim construction is prejudicial to Wockhardt as it would eviscerate the current claim construction agreements that the parties spent weeks negotiating. Finally, the Court could allow the '241 patent defendants from the 2013 Cases to conduct their own claim construction; however, this leaves open the possibility that the terms of the '241 patent will be subject to multiple constructions. Such an outcome nullifies the alleged benefits of consolidation.

Novartis itself has recognized the problems associated with attempting to consolidate the 2013 Cases with the 2012 Case. Novartis sought to avoid such a problem by reserving the right to revisit the agreed upon terms, in the event the cases are consolidated. (2012 Case, D.I. 66.) However, not only was such a reservation never agreed to by the 2012 Case defendants, but it would unfairly give Novartis a second bite at the apple for claim construction of the '241 patent. Because consolidating the 2013 Cases with the significantly more advanced 2012 Case will prejudice Wockhardt, Novartis's request for consolidation should be denied.

### 3. Consolidation with the 2013 Cases is Improper Because it Will Prejudice Wockhardt During Trial

Novartis fails to address the added confusion and prejudice that will accompany consolidation of the 2012 Case and the 2013 Cases during trial. Multiple defendants have already launched generic versions of zoledronic acid products. For those defendants who have already launched, there is a jury demand in the 2013 Cases. (February 2013 Case, D.I. 1, Complaint.) On the contrary, in the 2012 case, no jury demand was made, nor is Novartis entitled to make such a demand. As such, the dispute in the 2012 Case will be decided by a bench trial. It would be confusing and prejudicial to have a combined bench and jury trial, which must address three patents, at least three generic pharmaceutical products, and at least twenty-three different ANDAs belonging to fourteen different defendants. The blurring of issues and facts that is bound to accompany such a large and unwieldy trial, with two different finders of fact, will prejudice Wockhardt. The potential for prejudice to Wockhardt from consolidating jury and bench trial cases far outweighs any benefit of efficiency obtained by consolidation.

### C. Consolidation with the 2013 Cases is Improper Because it Will Delay the 2012 Case

In order for the defendants in the 2013 Cases to have a fair opportunity to litigate the '987 patent and the '189 patent, the 2012 Case will be significantly delayed. Because of the significant delay that will be caused by consolidation, the Court should deny Novartis's request to consolidate. *See LSP Techs., Inc. v. Metal Improvement Co., LLC*, No. 10-526, 2010 WL 3447834, at *3-4 (S.D. Ohio Aug. 30, 2010) (denying consolidation where a party would be prejudiced by the delay associated with consolidating a case in which the parties had conducted discovery, submitted claim construction briefs and scheduled a *Markman* hearing with a second case that had yet to conduct discovery or disclose disputed claim terms); *Habitat Educ. Ctr., Inc.*

*v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008)(denying consolidation where "the cases are in slightly different procedural postures" and consolidation might cause delay); *see also Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80, 82 (3d Cir. 2005) ("It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases, or if one of the cases is further into discovery than the other case.").

In the 2012 Case, the Local Patent Rule 3 disclosures have been completed, including the production of over a million pages of documents, documents requests have been exchanged and responded to, interrogatories have been exchanged and responded to, depositions have been noticed, claim construction has been completed, and the close of fact discovery is less than six months away.  The 2013 Cases, on the other hand, have yet to complete the pleadings stage of litigation.  The Answer for at least one defendant in the 2013 Cases is not due until May 14, 2013.  And, if consolidation is granted, Novartis seeks permission from the Court to file a consolidated amended complaint, resulting in even further delay.  (2012 Case, D.I. 62 at 12, Br. in Support of Mot. for Consolidation.)  In order to catch up to the 2012 Case, the 2013 Cases will have months of litigation to complete.  First, following the June 10, 2013 scheduling conference, the 2013 Cases will need to complete the Local Patent Rule 3 disclosures, a process which is accorded roughly two months by the Local Patent Rules.  Then, upon completion of the Local Patent Rule 3 disclosures, the 2013 Cases will need to complete the claim construction phase, a process which under the Local Patent Rules requires roughly six months just to reach the stage of setting a *Markman* hearing date.  The 2012 Case should not be forced to idle while the 2013 Cases catch up on nearly ***eight months*** of litigation.  *See Leviton Mfg. Co. v. Nicor*, No. 04-0424-JB-LFG, No. 04-1295-JB-ACT, 2007 WL 505784 (D.N.M. Jan. 8, 2007) (finding that where the first case has already advanced to a considerable degree and consolidation would

-10-

inhibit the progression of the first case while discovery and claim construction concerning in the second case reached a similar state, consolidation would not further judicial economy, or avoid unnecessary costs and delay.)

The '241 patent is the only asserted patent overlapping between the 2012 Case and the 2013 Cases. While the '241 patent is directed to the packaging of a pharmaceutical product, the other two patents are method of use patents. Accordingly, the prior art and the expert testimony relied upon for the '241 patent dispute will significantly differ from the other two patents. The 2012 Case should not be subjected to such significant delays, where only one out of the three asserted patents overlap, and where the overlapping patent may be evaluated independently of the other asserted patents.

### D. The Alleged Conservation of Judicial Resources is Minimal and Outweighed by the Risk of Prejudice and Delay

Novartis misstates and exaggerates the conservation of judicial resources that would accompany consolidation of the cases. At most, arguments on a single patent may be heard twice. For instance, because no claims for the '987 patent were asserted in the 2012 Case, the only arguments relating to the '987 patent will be heard in the February 2013 Case. Additionally, Wockhardt does not oppose consolidation of the February 2013 Case and the April 2013 Case, thus arguments relating to the '189 patent would also only be heard once.[2] The prejudice and delay associated with consolidation far outweigh any limited gain in efficiency associated with reducing the arguments relating to the '241 patent from two to one.

---

[2] Novartis incorrectly asserts that arguments relating to the '189 patent would need to be heard three times. (*See* 2012 Case, D.I. 62 at 8.) The '189 patent was only asserted in the 2013 Cases, thus, arguments on this matter would only be heard twice, at most.

-11-

Furthermore, Novartis's argument that consolidation conserves judicial resources by ensuring that there is only one claim construction proceeding per patent also fails. Even if the 2013 Cases are not consolidated with the 2012 Case, the '189 patent and the '987 patent will be subject to only one claim construction process. For the reasons explained in section III.B.2, above, because claim construction in the 2012 Case on the '241 patent is already complete, if the 2012 Case and 2013 Cases are consolidated, some, if not all, of the claim construction process on the '241 patent will necessarily need to be repeated. Accordingly, very little, if any, efficiency in claim construction is gained by consolidating the 2012 Case with the 2013 Cases.

Not only are the alleged benefits of consolidation exaggerated, but the goals of conserving resources can be achieved through other means of coordinating discovery on the single overlapping patent. Therefore, Novartis's preservation of resources argument has no bearing on whether the cases should be consolidated. *Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, No. 06-1967, 2006 WL 3304218, at 2 n.1 (N.D. Ohio Nov. 13, 2006) ("Although [the resources] argument has some merit, it is not enough to outweigh the factors militating against consolidation. The argument is also diminished by the fact that, to the extent [the lead case] has obtained discovery from [the plaintiff] that [subsequent defendants] can use in its dispute with [plaintiff], those efforts will not need to be duplicated.")

Moreover, if this Court finds the '241 patent invalid in the 2012 Case that will eliminate any need for further discovery or trial relating to the validity issue in the 2013 Cases. And despite Novartis's assertions to the contrary, the risk of inconsistent results on the '241 patent are minimal as the 2012 Case and the 2013 Cases are all before Your Honor. *See LSP*, 2010 WL 3447834, at *2 (finding that "the risk of inconsistent claim constructions [in two cases] is

minimal" where both cases are pending before the same Judge). As such, it makes little sense to stall the 2012 Case, consolidate, and then wait months for the 2013 Cases to catch up.

## IV. CONCLUSION

Wockhardt does not oppose consolidation of the 2013 Cases, Civil Action Nos. 13-01028 and 13-02379, for pre-trial purposes only. However, for the foregoing reasons, Novartis's motion to consolidate the 2013 Cases with the 2012 Case should be denied.

Dated: April 30, 2013  **FOX ROTHSCHILD LLP**

By: /s/ Karen A. Confoy
Karen A. Confoy
Attorneys for Defendants
Wockhardt USA, LLC and
Wockhardt Limited

Of Counsel:

Jay R. Deshmukh
William R. Zimmerman
Andrea L. Cheek
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
(202) 640-6400
(202) 640-6401 (Facsimile)
jay.deshmukh@knobbe.com
bill.zimmerman@knobbe.com
andrea.cheek@knobbe.com

Thomas P. Krzeminski
William O. Adams
Karen M. Cassidy
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404
(949) 760-9502 (Facsimile)
thomas.krzeminski@knobbe.com
william.adams@knobbe.com
karen.cassidy@knobbe.com

-13-

-14-

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached Opposition to Plaintiff's Motion to Consolidate and its supporting Declaration on this date upon Plaintiff's counsel via CM/ECF.


Dated: April 30, 2013    /s/ Karen A. Confoy
                          Karen A. Confoy
                          kconfoy@foxrothschild.com