UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, and NOVARTIS AG,<br><br>Plaintiffs,<br><br>v.<br><br>WOCKHARDT USA LLC and WOCKHARDT LIMITED<br><br>and<br><br>SUN PHARMA GLOBAL FZE and SUN PHARMACEUTICAL INDUSTRIES LIMITED,<br><br>Defendants. | Civil Action No.<br><br>2:12-cv-03967-SDW-MCA<br><br>[Consolidated with Civil Action Nos. 2:12-cv-04393 and 2:13-cv-01028 and 2:13-cv-02379] |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS LLC; APOTEX, INC.; APOTEX, CORP.; GLAND PHARMA LTD.; DR. REDDY'S LABORATORIES, INC.; DR. REDDY'S LABORATORIES LTD.; EMCURE PHARMACEUTICALS USA, INC.; EMCURE PHARMACEUTICALS, LTD; HOSPIRA, INC.; PHARMACEUTICS INTERNATIONAL INC.; SAGENT PHARMACEUTICALS, IN.; ACS DOBFAR INFO S.A.; STRIDES, INC.; AGILA SPECIALTIES PRIVATE LTD.; SUN PHARMA GLOBAL FZE; CARACO PHARMACEUTICAL LABORATORIES, LTD.; SUN PHARMACEUTICAL INDUSTRIES LTD.; WOCKHARDT USA LLC; and WOCKHARDT LTD.,<br><br>and<br><br>ACCORD HEALTHCARE INC.; FRESENIUS KABI USA, LLC; and HIKMA FARMACEUTICA S.A.,<br><br>Defendants. | [PROPOSED] PROTOCOL FOR ELECTRONICALLY STORED INFORMATION |

1. **Preservation**

    (a) Each party represents that it has taken reasonable steps to preserve hard copy documents and reasonably accessible electronically stored information ("ESI") relevant to the case. These steps include, but are not limited to, notice to those individuals whose documents the party is under an obligation to preserve.

2. **Search and Exclusion**

    (a) Each party agrees to search for responsive ESI in all reasonably accessible locations (both custodial and non-custodial) that are likely to contain it.

    (b) The parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible or not readily preserved because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, the remote possibility of locating relevant information is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from those sources. The parties agree that the following ESI need not be reviewed for production and are not discoverable except upon a showing of good cause.

    1. Backup tapes and systems created for the sole purpose of disaster recovery.

    2. Voicemail, except for voicemail, if any, that is converted to text and forwarded to the recipient's email account.

    3. Instant messaging, except for instant messaging that has been logged in the ordinary course of business.

    4. Data remaining from systems no longer in use that is unintelligible on the systems in use, except that if a party plans to change systems during the pendency of this litigation that will render currently accessible responsive data inaccessible, that data shall be preserved and subject to production obligations.

    5. Residual, deleted, fragmented, damaged, or temporary data (e.g., data stored in a computer's RAM) or other data only accessible by forensics.

    6. Encrypted data/password protected files, where the key or password cannot be ascertained after reasonable efforts.

    7. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

8. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such data is routinely saved elsewhere.

9. Logs of calls made from mobile devices.

10. Server, system or network logs.

11. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

12. Nothing in this provision or Order precludes the Parties from subsequently agreeing to otherwise or further limit the scope of ESI.

3. **Custodians**

    (a) Each party will search for ESI in the files of custodians that are reasonably likely to have non-duplicative, non-cumulative discoverable information, without regard to whether any such information may otherwise be withheld on grounds of privilege, work product, or other basis. Each party will identify its custodians by name, title, and the general subject matter of the discoverable information in their possession, custody, or control.

    (b) Defendants may jointly designate a reasonable number of additional ESI custodians for Novartis to search after their analysis. Defendants and Novartis shall confer in good faith on these additional ESI custodians.

    (c) Novartis may designate a reasonable number of additional ESI custodians for each Defendant group after its analysis. Defendants and Novartis shall confer in good faith on these additional ESI custodians.

4. **Non-Custodial Data Sources**

    (a) A non-custodial data source is a system or container that stores ESI, but over which an individual does not organize, manage, or maintain the ESI in the system or container (e.g., enterprise system or database).

    (b) Each party will disclose a list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information.

5. **Search Methodology**

    (a) Novartis will use search terms to locate ESI likely to contain discoverable information.

1. Novartis will disclose its search terms to Defendants before conducting its searches. Defendants collectively are entitled, within fourteen (14) days of receipt of Novartis's search terms, to request a reasonable number of additional search term queries to conduct further electronic discovery, absent a showing of good cause or agreement between Defendants and Novartis. Defendants and Novartis shall confer in good faith on the these additional search terms. In counting these additional search terms, extenders and potential misspellings shall not count toward the total.

(b) Defendants' searches

1. Each defendant group will disclose to Novartis what search terms, if any, will be used to locate ESI likely to contain discoverable information before conducting their searches. If a Defendant group does not use search terms, it will disclose the search methodology used to locate ESI likely to contain discoverable information.

2. If a producing Defendant group used search terms to locate ESI likely to contain discoverable information, Novartis is entitled, within fourteen (14) days of receipt of Defendants' search terms, to request a reasonable number of additional search term queries to conduct further electronic discovery, absent a showing of good cause or agreement between Novartis and the producing Defendant group. Novartis and the producing Defendant group shall confer in good faith on these additional search terms. In counting these additional search terms, extenders and potential misspellings shall not count toward the total.

6. **Production format**

(a) Electronic documents will be produced in TIFF format, with the following metadata fields as applicable (to the extent the metadata exists), and will be searchable with extracted text or optical character recognition, where applicable:

1. Author
2. From
3. To
4. CC
5. BCC
6. Subject

      7.     Date Created

      8.     Date Modified

      9.     Date Sent

     10.    Time Sent

     11.    Date Received

     12.    Time Received

     13.    Application

     14.    File Path

     15.    File Name

     16.    File Size

     17.    File Extension

     18.    MD5 Hash

     19.    Custodian

     20.    Text

     21.    Beginning Bates Number

     22.    End Bates Number

     23.    Attachment Range

     24.    Beginning Attachment Number

     25.    End Attachment Number

(b)    In the event that a file (e.g., a large spreadsheet) is not reasonably usable in TIFF format, a party may request that a producing party make the file available in its native format. If redactions to the file are necessary, there shall be no obligation to produce in native format. Such requests will be addressed in good faith.

(c)    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

7. **Production Media**

    (a) Documents shall be produced on CD-ROMs, DVDs, or external hard drives (the "Production Media"). Information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in this matter, (2) the producing party's name, and (3) the Bates Number range of the materials contained on the Production Media.

8. **Claims of Limited Usability**

    (a) Subject to 2(b), if a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonable particularity and shall provide the requesting Party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI) and the places in which such ESI is kept. The Parties shall negotiate in good faith concerning the production of any such ESI. If the Parties are unable to reach agreement, the Parties shall submit any dispute to the Court to determine what burdens may be imposed upon the Producing or Receiving Parties in order to resolve the dispute, and whether or to what extent the costs of such production shall be borne by the Producing or Receiving Parties.

9. **Protective Order**

    (a) The terms of the Protective Order governing inadvertent production of privileged information also govern all production pursuant to this Stipulated Order. The production of ESI is subject to the Parties' rights under the Protective Order, the practices of the Court, and the rules to request the return of inadvertently produced ESI.

On consent of All parties,

IT IS SO ORDERED.

_____
HONORABLE MADELINE COX ARLEO
United States Magistrate Judge