William J. O'Shaughnessy
MCCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2094
woshaughnessy@mccarter.com

*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, and Novartis AG*

OF COUNSEL:

Jane M. Love, Ph.D.
Robert Trenchard
Martin E. Gilmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Lisa J. Pirozzolo
Sean K. Thompson
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Rachel L. Weiner
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, and Novartis AG*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, and NOVARTIS AG,<br><br>Plaintiffs,<br><br>v.<br><br>WOCKHARDT USA LLC and WOCKHARDT LIMITED<br><br>and<br><br>SUN PHARMA GLOBAL FZE and SUN PHARMACEUTICAL INDUSTRIES LIMITED,<br><br>Defendants.</td><td rowspan="2">Civil Action No.<br><br>2:12-cv-03967-SDW-MCA<br><br>[Consolidated with Civil Action Nos. 2:12-cv-04393, 2:13-cv-01028, 2:13-cv-02379, and 2:13-04669]<br><br>MOTION DATE: November 4, 2013</td></tr>
<tr><td>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACCORD HEALTHCARE INC.; ACTAVIS LLC; APOTEX, INC.; APOTEX, CORP.; GLAND PHARMA LTD.; DR. REDDY'S LABORATORIES, INC.; DR. REDDY'S LABORATORIES LTD.; EMCURE PHARMACEUTICALS USA, INC.; EMCURE PHARMACEUTICALS, LTD; FRESENIUS KABI USA, LLC; HIKMA FARMACEUTICA S.A.; HOSPIRA, INC.; PHARMACEUTICS INTERNATIONAL INC.; SAGENT PHARMACEUTICALS, INC.; ACS DOBFAR INFO S.A.; STRIDES, INC.; AGILA SPECIALTIES PRIVATE LTD.; SUN PHARMA GLOBAL FZE; CARACO PHARMACEUTICAL LABORATORIES, LTD.; SUN PHARMACEUTICAL INDUSTRIES LTD.; USV NORTH AMERICA, INC.; WOCKHARDT USA LLC; and WOCKHARDT LTD.,<br><br>Defendants.</td></tr>
</table>

**MEMORANDUM IN SUPPORT OF NOVARTIS'S MOTION TO SEAL**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

LEGAL ARGUMENT..............................................................................................................2

I. LEGAL STANDARDS APPLICABLE TO THIS MOTION.........................................2

II. REQUEST TO SEAL .......................................................................................................4

CONCLUSION.......................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Faulman v. Sec. Mut. Fin.*,
No. 04-5083, 2006 WL 1541059 (D.N.J. June 2, 2006)....4

*Flexmir, Inc. v. Herman*,
40 A.2d 799 (N.J. Ch.1945)....2

*In re Cendant Corp.*,
260 F.3d 183 (3d Cir. 2001)....2, 3

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
998 F.2d 157 (3d Cir. 1993)....2, 3

*Littlejohn v. BIC Corp.*,
851 F.2d 673 (3d Cir. 1988)....3

*Mars, Inc. v. JCM Am. Corp.*,
No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007)....4

*Miller v. Indiana Hosp.*,
16 F.3d 549 (3d Cir. 1993)....3

*Nixon v. Warner Communications*,
435 U.S. 589 (1978)....2

*Publicker Industries, Inc. v. Cohen*,
733 F.2d 1059 (3d Cir. 1984)....3

*Republic of Philippines v. Westinghouse Elec. Corp.*,
949 F.2d 653 (3d Cir. 1991)....3, 4

*Schmedding v. May*,
85 Mich. 1....2

*Zenith Radio Corp. v. Matsushita Electric Industrial Co.*,
529 F. Supp. 866 (E.D. Pa. 1981)....3

**OTHER AUTHORITIES**

Local Civil Rule 5.3....2

Local Civil Rule 5.3(c)....1, 3

Fed. R. Civ. P. 26(c)....4

## INTRODUCTION

Plaintiffs Novartis Pharmaceuticals Corporation ("Novartis") respectfully submits this Memorandum of Law in support of its Motion pursuant to Local Civil Rule 5.3(c) to seal the following documents [D.I. 181]:

1) Portions of Novartis's Response to Certain Defendants' Requests to Supplement Their Motions to Dismiss with an FDA Letter;

2) Portions of the Declaration of Robert W. Trenchard; and

3) Exhibits 3–4 to the Declaration of Robert W. Trenchard.

(collectively, the "Subject Material").

This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

The Subject Material contains information relating to Defendants Dr. Reddy's Laboratory; Pharmaceutics International, Inc.; Sagent Pharmaceuticals, Inc.; ACS Dobfar Info S.A.; Emcure Pharmaceuticals USA, Inc.; and Emcure Pharmaceuticals, Ltd. ("Defendants") product and/or proprietary business information that Defendants have designated as confidential and/or nonpublic. By making such a designation, Defendants have manifested their belief that the public disclosure of this information could adversely affect their legitimate business interests. Without conceding that the information found in the Subject Material warrants such a designation, Plaintiff attempts to honor this designation by filing the Subject Material under seal pursuant to Local Civil Rule 5.3.

## LEGAL ARGUMENT

### I. LEGAL STANDARDS APPLICABLE TO THIS MOTION

"[E]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, McGrath 1615, 48 N.W. 201 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch.1945) (courts deny access to filed documents where they may be used as sources of business information that might harm a litigant's competitive standing))).

Local Civil Rule 5.3 contains a presumption, based on First Amendment considerations and the common law right of access to judicial records, that materials filed with the Court and judicial proceedings are open to the public. *See Nixon*, 435 U.S. 589; *but see In re Cendant Corp.*, 260 F.3d at 198 n.13 (noting that the parameters of the First Amendment right of access are as of yet undefined). However, "the right to inspect and copy judicial records is not absolute" and must be weighed against the litigants' interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Nixon*, 435 U.S. at 598.

The presumption of access is subject to a balancing of factors that militate against access, *e.g.*, the interest in secrecy. *See Leucadia*, 998 F.2d at 166. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. Local Civil Rule 5.3(c) requires a showing of:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interests which warrant the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; and

(d) why a less restrictive alternative to the relief sought is not available.

Where the party seeking to seal a pleading meets the "burden of showing that the material is the kind of information that the Court will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure," then it is appropriate to seal the records. *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1993)). A well-settled exception to the right of access is the "protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm." *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984). The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure. *Leucadia*, 998 F.2d at 165-66; *see also Publicker*, 733 F.2d at 1073 ("An interest in safeguarding a trade secret may overcome a presumption of openness.") (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981)). The Third Circuit has expressly recognized that "courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Moreover, "[c]ourts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (quoting Fed. R. Civ. P. 26(c)(7) (currently at Fed. R. Civ. P. 26(c)(1)(G)) and citing *Faulman v. Sec. Mut. Fin.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006)).

## II. REQUEST TO SEAL

Novartis moves to seal the Subject Material, on the grounds that the Subject Material contains Defendants' ANDA product and/or proprietary business information that Defendants have designated as confidential and/or nonpublic. *See Westinghouse Elec. Corp.*, 949 F.2d at 662.

A clearly defined and serious injury may result to Defendants if the Court does not seal the Subject Material. The information contained in the Subject Material is commercially sensitive, and if publicly disclosed could have significant commercial impact on Defendants. Competitors would improperly benefit from the disclosure of the nonpublic business information and would likely use the confidential information to enhance their market position. Thus, Defendants have a legitimate interest that warrants an order sealing the Subject Material.

Furthermore, absent an order by the Court sealing the Subject Material, Novartis cannot file this confidential information in support of its Response to Certain Defendants' Requests to Supplement Their Motions to Dismiss with an FDA Letter. The omission of this confidential information from Novartis' response would significantly limit Novartis' ability to adequately advocate for its position.

Finally, no less restrictive alternative to sealing the Subject Material is available to Novartis because, as discussed above, the information contained therein discloses Defendants' confidential and/or nonpublic information and Novartis' request is tailored to seal only the portions of the brief that contain Defendants' confidential information. Under these circumstances, the Subject Material should be sealed.

## CONCLUSION

For the foregoing reasons, and in order to protect Defendants' confidential information, Novartis respectfully requests that the Court recognize that there is no other remedy available but

to seal the Subject Material. Accordingly, Novartis respectfully requests that the Court grant its Motion to Seal.

Dated: October 4, 2013

*s/ William J. O'Shaughnessy*
William J. O'Shaughnessy
MCCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2094
woshaughnessy@mccarter.com

*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, and Novartis AG*

OF COUNSEL:

Jane M. Love, Ph.D.
Robert Trenchard
Martin E. Gilmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Lisa J. Pirozzolo
Sean K. Thompson
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Rachel L. Weiner
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Corporation, and Novartis AG*