UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| IN RE: CERTAIN CONSOLIDATED ZOLEDRONIC ACID CASES | Civil Action No.<br><br>2:12-CV-3967 SDW-SCM<br><br>**OPINION AND ORDER ON INFORMAL MOTION REGARDING REQUESTS FOR ADMISSIONS [D.E. 562]** |

### I.  INTRODUCTION

Before this Court is defendant Fresenius Kabi USA, LLC's informal motion to compel plaintiff Novatis to answer eight Requests for Admissions. The parties framed the dispute in two joint dispute letters. [D.E. 550 at § 7, 562].

### II.  DISCUSSION

Magistrate judges may consider and decide non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). The District Court formerly assigned this matter to the undersigned for pre-trial management on December 9, 2014.

#### Proper Use of Requests for Admission

Federal Rule of Civil Procedure 36(a) applies to this dispute. At issue are eight Requests for Admissions. "The

purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).  Requests for admissions are not a discovery device. *Harris v. Koenig*, 271 F.R.D. 356, 372 (D.D.C. 2010)("The purpose of requests for admissions is to narrow the scope of issues to be litigated and to thereby expedite the litigation process.").  This device is surgical and should be used "to eliminate issues over facts that are not in dispute", not "to obtain discovery of the existence of facts, but rather are intended to establish the admission of facts about which there is no real dispute."  *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed.Cl. 413, 416 (Fed.Cl. 2010).

   Thus, requests for admission differ from interrogatories. The latter are a discovery device designed "to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures....  Interrogatories can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]"  *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va.

2

2010)(quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

Fresenius first RFA states: Admit that the "improve[d] renal safety" described in Claim 1, 7 and 12 of the '189 patent **is an inherent result** of administering 4 mg of zoledronic acid in an infusion solution volume from about 5 up to 200 ml over a period of 15 minutes. [D.E. 562 (emphasis added)]. Its third RFA states: Admit that the "improve[d] renal safety" described in Claims 1, 7 and 12 of the '189 patent **is not an inherent result** of administering 4 mg of zoledronic acid in an infusion solution volume from about 5 up to 200 ml over a period of 15 minutes. [D.E. 562 (emphasis added)]. Obviously, there is a real factual dispute here because the two RFAs seek admissions on diametrically opposed factual contentions. Thus, these RFAs are being improperly used as discovery devices and not to narrow issues for which there is no real dispute.

Similarly, Fresenius' second and fourth, fifth and seventh, sixth and eighth RFAs also seek admissions on opposed factual positions.

### III. CONCLUSION

For the foregoing reasons, defendant Fresinus' RFAs are improper.

3

IT IS on this Thursday, March 12, 2015,

**ORDERED** that defendant Fresenius Kabi USA, LLC's informal motion to compel, D.E. 562 is **denied.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/12/2015 5:06:03 PM

4